**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
Email: bgreenberg@litedepalma.com

*Attorney for Plaintiff*

[Additional Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LARRY KUNKEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZAIS GROUP HOLDINGS, INC., CHRISTIAN M. ZUGEL, DANIEL CURRY, PAUL B. GUENTHER, JAMES M. ZINN, AND JOHN BURKE,<br><br>Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complai0nt against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 12, 2018 (the "Proposed Transaction"), pursuant to which the minority shares of Class A common stock of ZAIS Group Holdings, Inc. ("ZAIS" or the "Company") will be acquired by the Company's majority

stockholder, Chairman, and Chief Investment Officer, Defendant Christian Zugel ("Zugel"), through his affiliated entities, Z Acquisition LLC and ZGH Merger Sub, Inc. (together, the "Buyers").

2. On January 11, 2018, ZAIS's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with the Buyers. Pursuant to the terms of the Merger Agreement, each share of Class A common stock of the Company, other than shares that are beneficially owned by Zugel, affiliates of Zugel, and certain other shareholders, will be converted into the right to receive $4.10 in cash.

3. On February 16, 2018, defendants filed a preliminary proxy statement with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction, which was subsequently amended on March 19, 2018 (as amended, the "Proxy Statement").

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of

jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8. Plaintiff is a citizen of Baltimore County. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of ZAIS common stock.

9. Defendant ZAIS is a Delaware corporation with its principal executive offices located at Two Bridge Avenue, Suite 322, Red Bank, New Jersey 07701. ZAIS's common stock is traded on the NASDAQ under the ticker symbol "ZAIS." ZAIS is a party to the Merger Agreement.

10. Defendant Zugel is the Chairman of the Board and the Chief Investment Officer of ZAIS. Zugel is the sole managing member of Z Acquisition LLC.

11. Defendant Daniel A. Curry ("Curry") is a director, and the Chief Executive Officer and President of ZAIS. Curry is a member of Z Acquisition LLC.

12. Defendant Paul B. Guenther is a director of ZAIS.

13. Defendant James M. Zinn is a director of ZAIS.

14. Defendant John Burke is a director of ZAIS.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Non-party Z Acquisition LLC is a Delaware limited liability company and a party to the Merger Agreement. Zugel, Zugel's spouse, Curry, and the Zugel Family Trust are the members of Z Acquisition LLC, and Zugel is the sole managing member of Z Acquisition LLC.

17. Non-party ZGH Merger Sub, Inc. is a Delaware corporation, a wholly-owned

subsidiary of ZAIS, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of ZAIS (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of January 5, 2018, there were approximately 14,555,113 shares of ZAIS common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the

Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. ZAIS is a publicly traded holding company that conducts substantially all of its operations through its principal operating subsidiary ZAIS Group, LLC ("ZAIS Group"), an investment advisory and asset management firm focused on specialized credit. ZAIS Group is a wholly-owned consolidated subsidiary of ZAIS Group Parent, LLC ("ZGP"), which is ZAIS's majority-owned consolidated subsidiary.

26. Prior to March 2015, the Company was a publicly traded special purpose acquisition corporation called HF2 Financial Management Inc. ("HF2"). On March 17, 2015, the Company completed a business combination transaction with ZGP, whereby the Company acquired a 66.5% interest in ZGP and changed its name to "ZAIS Group Holdings, Inc." In the business combination, HF2 made a $78.2 million cash contribution to ZGP and effected the transfer of all its outstanding shares of Class B common stock to the members of ZGP (including Zugel), and certain related parties.

27. The Company's operating subsidiary, ZAIS Group, provides investment advisory and asset management services to private funds, separately managed accounts, collateralized debt obligation vehicles and collateralized loan obligation vehicles (together, "CLOs"), and, until October 31, 2016, ZAIS Financial Corp. ("ZFC REIT"), a publicly traded mortgage real estate investment trust (collectively, the "ZAIS Managed Entities"). ZAIS Group also serves as the general partner to certain ZAIS Managed Entities, which are generally organized as pass-through entities for U.S. federal income tax purposes.

28.     In January 2017, Zugel reported to the Board that he was considering making a proposal that would result in the Company going private.  On February 15, 2017, the Board formed a special committee of directors (the "Special Committee") to consider proposals for strategic transactions.  As a result of that process, the Company entered into non-disclosure agreements with at least 29 third parties that expressed an interest in a transaction with the Company.

29.     On September 5, 2017, Zugel made a proposal to acquire all of the Company's Class A common shares held by ZAIS's minority stockholders for $4.00 per share.

30.     On January 11, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with the Buyers.  If the Proposed Transaction is approved, ZGH Merger Sub, Inc. will merge with and into the Company, with the Company surviving as a subsidiary of Z Acquisition LLC.

31.     Pursuant to the terms of the Merger Agreement, all of the outstanding common stock of ZAIS that is not beneficially owned by (i) Z Acquisition LLC, (ii) the members of Z Acquisition LLC (including Zugel and Curry), certain trusts for members of Zugel's family, and Zugel's current spouse, (iii) any person who, after January 12, 2018, acquired common stock of ZAIS through certain issuances pursuant to an exercise of exchange rights, or (iv) owned by certain stockholders who agree with Z Acquisition LLC to retain and rollover certain of their common stock in connection with the merger, will be converted into the right to receive $4.10 per share in cash.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

32.     On March 19, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33.     As set forth below, the Proxy Statement omits material information with respect to

the Proposed Transaction, which renders the Proxy Statement false and misleading.

34.     The Proxy Statement omits material information regarding the Company's financial projections and the valuation analysis performed by the Company's financial advisor in connection with the Proposed Transaction, Houlihan Lokey Capital, Inc. ("Houlihan Lokey").

35.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36.     The Proxy Statement indicates that, throughout the negotiation process leading to the Proposed Transaction, ZAIS's management provided the Special Committee and its advisors with three different sets of projections (each of which were disclosed in the Proxy Statement): the "August 2017 Projections," the "October 2017 Projections," and the "January 2018 Projections." The Proxy Statement misleadingly implies that the Special Committee's financial advisor, Houlihan Lokey, used the January 2018 Projections in its final valuation analyses to derive the Company's implied value and support the fairness of the merger consideration. Indeed, the Proxy Statement states: "The January Projections provided to Houlihan Lokey were approved by the Special Committee for Houlihan Lokey's use and reliance in connection with its financial analysis and opinion."

37.     However, in the final presentation made to the Special Committee by Houlihan Lokey on January 11, 2018, which was attached as Exhibit (C)(2) to the Schedule 13E3/A filed

with the SEC on February 16, 2018, Houlihan Lokey evidently used financial projections of the Company that were different from each of the August 2017 Projections, the October 2017 Projections, and the January 2018 Projections that were disclosed in the Proxy Statement. The Proxy Statement, however, fails to disclose: (i) the actual financial projections that were used by Houlihan Lokey in its valuation analyses; (ii) the reason Houlihan Lokey used the different set of projections; (iii) the source of the projections; (iv) when and why the projections were changed; and (v) who changed the projections.

38.  Significantly, the financial projections that were actually used by Houlihan Lokey in its valuation analyses were substantially lower than the January 2018 Projections that defendants are misleading stockholders into believing Houlihan Lokey used. This is significant because the use of these lower projections in Houlihan Lokey's Sum-of-the-Parts Analysis results in a lower implied value for the Company. If stockholders are informed that Houlihan Lokey used the lower set of projections, stockholders could determine it is appropriate to perform a different Sum-of-the-Parts Analysis that used the higher set of January 2018 Projections, which in turn would result in higher implied values for the Company and make the merger consideration appear unfair.

39.  Accordingly, defendants must correct the false and misleading Proxy Statement by disclosing: (i) the actual financial projections that were used by Houlihan Lokey in its valuation analyses; (ii) the reason Houlihan Lokey used the different set of projections; (iii) the source of the projections; (iv) when and why the projections were changed; and (v) who changed the projections.

40.  The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Projections; and (ii) Opinion of Financial Advisor to the Special Committee.

41.     The Proxy Statement also omits material information relating to the background leading to the Proposed Transaction.  ZAIS's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

42.     The Proxy Statement indicates that, throughout the sales process, the Company entered into non-disclosure agreements with at least 29 parties that expressed an interest in a potential acquisition or other transaction with the Company.  The Proxy Statement, however, fails to disclose the terms of the non-disclosure agreements, including whether they contain standstill and/or "don't ask, don't waive" provisions that prohibit the counterparties from making an unsolicited superior proposal to ZAIS.  This information is particularly important to stockholders, because several parties other than ZAIS's majority stockholder submitted offers for a transaction with ZAIS.

43.     The omission of this material information renders the Background section of the Proxy Statement false and misleading.

44.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to ZAIS's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ZAIS**

45.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  ZAIS is liable as the issuer of these statements.

47. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

48. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

50. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

51. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of ZAIS within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of ZAIS and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power

to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

57. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 22, 2018                                    **LITE DEPALMA GREENBERG, LLC**

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

*Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 22, 2018                                    **LITE DEPALMA GREENBERG, LLC**

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

*Attorneys for Plaintiff*